lant and the *Fiscal* of the Supreme Court respectively presented their arguments.

*Mr. Ramos (Juan R.),* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

---

Ex Parte Sojo.

Appeal from the District Court of San Juan.

No. 92.—Decided March 20, 1904.

Dominion Title—Original Petition For Institution of Proceedings.—Although, in the original petition for the institution of proceedings to establish ownership of real property, it should be stated whether or not the petitioner lacks a written title of ownership, nevertheless, the petition having been admitted without such requisite, and without objection on the part of the court or of the *Fiscal,* it is not proper, after all the legal formalities have been complied with, to deny approval of the proceedings for want of such requisite, the omission of which should have been corrected by the court at the proper time.

Id.—Possession to Acquire Ownership.—Quiet, peaceable and uninterrupted possession for a period of more than twenty years, in good faith and with a proper title, is sufficient to establish the ownership of real estate for the purposes of record in the Registry of Property.

STATEMENT OF THE CASE.

This is a proceeding instituted in the District Court of San Juan by Mariano Pesquera, on behalf of his wife, María Ana Sojo y del Valle, in respect to a declaration of ownership

de dominio de un solar radicado en el sitio de Minillas, del barrio de Santurce, de esta capital; pendientes ante *nos* á virtud de apelación establecida por el promovente contra la sentencia dictada por el referido Tribunal de Distrito, y que copiada á la letra dice así:

"San Juan, P. R., Junio quince de mil novecientos tres.

*Resultando*: que Don Mariano Pesquera, á nombre de su consorte Doña María Ana Sojo, instó ante este Tribunal expediente para justificar el dominio de un solar radicado en el barrio de Santurce, de San Juan, sitio denominado "Minillas", con una extensión de ochocientos veinte y un metros setenta centímetros cuadrados, cuya finca adquirió por compra á Don José María Rosario, valiendo quinientos dollars, sin expresar si carece, ó no, de título escrito de dominio.

*Resultando*: que sustanciado este expediente, con citación del Fiscal, se han guardado en él las formalidades legales.

*Considerando*: que no pudiendo acudir al medio supletorio que la Ley Hipotecaria concede para justificar el dominio, sino los propietarios que carecieren de título de dominio escrito, es menester demostrar, á lo ménos, alegar, esta circunstancia esencialísima para el éxito del expediente.

*Visto* el Artículo 395 de la Ley Hipotecaria.

No ha lugar á declarar el dominio interesado.

Lo acordó y firma el Tribunal. Certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Mendez Vas".

*Resultando*: que contra esta sentencia interpuso apelación Don Mariano Pesquera, que le fué admitida libremente y en ambos efectos, y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personada la apelante, se le dió al recurso la tramitación correspondiente, señalándose día para la vista, á cuyo acto asistieron el abogado defensor de la parte apelante y el Fiscal del Tribunal, que impugnó el recurso.

Abogado del apelante: *Sr. Castro* (Cruz).

Abogado del Pueblo: *Sr. del Toro* (Fiscal).

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

of a lot situated at the place known as "Minillas," in the ward of Santurce, of this city, which case is pending before us on appeal taken by the applicant from the decision rendered by aforesaid district court, which decision reads as follows:

"San Juan, Porto Rico, June 15, 1903. Mariano Pesquera, on behalf of his wife, María Ana Sojo, instituted proceedings in this court to establish the ownership of a lot situated in the ward of Santurce, San Juan, at the place known as 'Minillas,' said lot having an area of 821 70-100 square meters, which property was acquired by purchase from José María Rosado, being valued at five hundred dollars, without stating whether or not she lacked a written title of ownership.

"The proceedings were conducted with citation of the *Fiscal,* all the legal formalities being observed.

"Inasmuch as only owners who have no written title of ownership can resort to the summary means allowed by the Mortgage Law for the purpose of establishing ownership, this most essential condition must be proven, or at least alleged, for the successful issue of the proceedings.

"In view of article 395 of the Mortgage Law, the declaration of ownership applied for cannot be made.

"Decided and signed by the court, to which I certify. Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this decision Mariano Pesquera took an appeal, which was allowed for a review and stay of proceedings, and the record forwarded to this Supreme Court, after citation of the parties. The appellant having appeared, the appeal was conducted under the proper procedure, and a day set for the hearing, at which appeared counsel for the appellant and the *Fiscal* of the court, who contested the appeal.

*Mr. Castro (Cruz),* for appellant.

*Mr. del Toro, Fiscal,* for the People.

Mr. Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Resultando*: además, que admitido el informativo propuesto con las citaciones que ordena la Ley, inclusa la del Fiscal del Distrito, declararon tres testigos, mayores de edad, propietarios y vecinos de la localidad, que efectivamente les constaba y era cierto, que Doña María Ana Sojo y del Valle había adquirido por compra á José María Rosario el solar cuyo dominio se interesaba, el veinte y seis de Julio de 1901, desde cuya fecha lo venía poseyendo quieta y pacíficamente y sin interrupción, y que del mismo modo era cierto que el anterior dueño del solar, José María Rosario, lo había poseído, con las mismas condiciones, por espacio de más de veinte años y lo había adquirido por herencia de su madre, Juana María Rosario.

*Considerando*: que si bien en el escrito inicial de las informaciones de esta clase, debe expresarse si el promovente carece, ó no, de título de dominio escrito, como condición que requiere el artículo 395 de la Ley Hipotecaria, para que la parte promovente pueda acreditar, en su caso, su derecho de dominio, en la forma que el mismo artículo establece: esto no obstante, habiendo sido admitido el escrito promoviendo el presente informativo, sin aquél requisito, y sin reparo alguno, ni por parte del Tribunal, que pudo y debió, en todo caso, rechazarlo de plano, ni por el Fiscal del Distrito, que fué citado, á su debido tiempo, para la práctica de las pruebas, no procede hoy, sin gran perjuicio para la parte promovente, denegarse la aprobación de la información propuesta, después de corridos todos los trámites legales del expediente, por la falta de un requisito cuya subsanación pudo el Tribunal decretar oportunamente.

*Considerando*: por otra parte, que habiendo acreditado el promovente, por declaraciones de tres testigos contestes, mayores de edad, propietarios y vecinos del lugar, que entre la actual poseedora Doña María Ana Sojo y su causante, José

The findings of fact contained in the judgment appealed from are accepted.

Moreover, the proposed proceedings to establish ownership having been admitted, with the citations prescribed by law, including that of the *Fiscal* of the district, three witnesses of age, who are property owners and residents of the locality, testified that they know of their own knowledge that Ana María Sojo y del Valle had really and truly acquired by purchase from José María Rosario the lot for which application of ownership was made on July 26, 1901, since which date she had been in the quiet, peaceable and uninterrupted possession thereof; and that it was equally true that the previous owner of said lot, José Rosario, had possessed it in like manner for more than twenty years, having acquired it by inheritance from his mother, Juana María Rosario.

Although, in the original petition for the institution of proceedings of this class, it should be stated whether or not the petitioner lacks a written title of ownership, a condition required by article 395 of the Mortgage Law, so that, in a proper case, the petitioner may establish his right of ownership in the manner prescribed by said article; yet, the petition for the institution of the present inquiry having been admitted without said requisite, and without any objection, either on the part of the court, which should have refused it outright, or of the *Fiscal* of the district, who was duly cited for the taking of evidence, considerable hardship would be caused to the petitioner were the admission of the desired investigation to be now refused, after all the stages of procedure had been gone through in accordance with law, because of the omission of a requisite the correction whereof could in due time have been decreed by the court.

On the other hand, the petitioner having established by the corroborative evidence of three witnesses of legal age, property owners and residents of the locality, that the present owner, María Ana Sojo, and her predecessor in interest, José

María Rosario, han poseído el solar de que se trata, quieta y pacíficamente y sin interrupción, por un espacio de tiempo mayor de veinte años, con buena fe y justos títulos, existe una prueba suficiente para dictar la declaratoria de dominio que interesa la parte promovente, á los efectos de su inscripción en el Registro de la Propiedad.

Vistos el artículo citado de la Ley Hipotecaria de esta Isla, la Orden Judicial de 4 de Abril de 1899, y los demás artículos aplicables del vigente Código Civil.

*Fallamos*: que debemos revocar y revocamos la sentencia apelada, declarando que corresponde á Doña María Ana Sojo y del Valle el dominio del solar reseñado en el escrito de promoción de este informativo; disponiéndose, en su consecuencia, se le expida copia certificada de la presente resolución y de las demás constancias de los autos, que pidiere, para su inscripción en el Registro de la Propiedad.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

TIBOT *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan.

No. 1.—Resuelto en Marzo 20, 1904.

INSCRIPCIONES.—TRASLADO DE LOS ANTIGUOS A LOS MODERNOS LIBROS DEL REGISTRO.—Las solicitudes de traslado de inscripciones, de los antiguos á los modernos libros del Registro, presentadas por mandatarios verbales, debían ser ratificadas por los interesados dentro del año concedido para las traslaciones, y vencido ese término, no puede llevarse á efecto la ratificación que se interese.

EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el

María Rosario, had between the two been in the quiet, peaceable and uninterrupted possession of the lot in question, in good faith and with just titles, for a period of time exceeding twenty years, there exist sufficient proofs for making a declaration of ownership as requested by the petitioner, for the purposes of its admission to record in the Registry of Property.

In view of the article of the Mortgage Law of the Island cited herein, the Judicial Order of April 4, 1899, and other articles of the Civil Code in force, applicable to the case, we adjudge that we should reverse and do reverse the judgment appealed from, and declare that the lot described in the petition for this inquiry belongs to María Ana Sojo y del Valle, and accordingly direct that she be furnished with a certified copy of the present decision and of such other data from the record of proceedings as might be called for by her for the purpose of entering said ownership in the Registry of Property.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.